UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| STANDARD INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | )   2:18-CV-00074-DCLC-CRW |
| | ) |
| vs. | ) |
| | ) |
| JOEL MICHAEL GUY, JR., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' respective Motions for Summary Judgment as to who is entitled to receive insurance proceeds payable as a result of the death of Joel Guy, Sr. and Lisa Guy. For the reasons stated herein, the Motions for Partial Summary Judgment filed by Defendants Alvin Madere, Jr. and Paula Madere Kinler [Doc. 73] and Crystal Michelle Dennison and Angela Crain [Doc. 100] are **GRANTED**. Defendant Joel Michael Guy, Jr.'s pro se Motion for Summary Judgment [Doc. 99] is **DENIED**.

**I.     BACKGROUND**

Lisa Guy participated in group life insurance and accidental death and dismemberment ("AD&D") plans offered by her employer, Jacobs Engineering Group Inc. ("Jacobs"), and issued by Standard Insurance Company ("Standard") [Doc. 74, ¶¶ 1-3]. Mrs. Guy designated both her husband, Guy, Sr., and her only child, Joel Michael Guy, Jr., as 50% primary beneficiaries for her group plans [Doc. 74, ¶ 5]. Mrs. Guy also elected to insure Guy, Sr. under the dependent provisions of the plans. [Doc. 102, ¶ 8]. Under those provisions, Mrs. Guy would receive Guy, Sr.'s death benefits if she were living at the time of his death [*Id*. at ¶ 15]. On November 28, 2016, Mrs. Guy and Guy, Sr. were found dead in their home as the result of multiple stab wounds [Doc. 1, ¶ 20].

1

Pursuant the Simultaneous Death Provisions of the plans, Mrs. Guy and Guy, Sr. are deemed to predecease each other [Doc. 1-1, pg. 43; Doc. 1-2, pg. 23]. Consequently, the plan provisions provide that Mrs. Guy's death benefits are payable to the surviving beneficiaries and Guy, Sr.'s benefits are to be paid in equal shares to the first surviving class of the following: children, parents, siblings, and estate [Doc. 1-1, pg. 42; Doc. 1-2, pg. 22].

Guy, Jr. is the only surviving beneficiary listed on Mrs. Guy's plans and Guy, Sr. had three children at the time of his death: Guy, Jr., Angela Crain, and Michelle Dennison [Doc. 102, ¶¶ 3-5]. Therefore, under the plan provisions, Guy, Jr. is entitled to the entirety of Mrs. Guy's death benefits and Guy, Jr., Crain, and Dennison are each entitled to a one-third share of Guy, Sr.'s dependent benefits. However, Guy, Jr. was arrested and charged with two counts of first-degree murder in connection with the deaths of Mrs. Guy and Guy, Sr. and, in October 2020, a jury convicted Guy, Jr. on both counts [Doc. 73-1]. Despite his arrest and conviction, Guy, Jr. claims an interest in his portion of the benefits.

As a result of Guy's claimed interest, Standard filed this interpleader action under 29 U.S.C. § 1132(a)(3)(B) to determine who is entitled to the benefits [Doc. 1].[1] Each of the defendants named by Standard are entitled to some portion of the death benefits if Guy, Jr. is disqualified from receiving his shares. As to the benefits of Mrs. Guy's policies, the plan provisions specify that if there is no surviving beneficiary, the benefits are paid in equal shares to the first surviving class of the following: spouse, children, parents, siblings, and estate [Doc. 1-1, pg. 43; Doc. 1-2, pg. 23]. Considering Mrs. Guy's spouse, Guy, Sr., is deemed to predecease her

---

[1] On February 3, 2020, the Court dismissed Standard from the action and held that the remaining issue—who is entitled to receive the insurance benefits—is an issue to be litigated only by and between the defendants [Doc. 60].

and her only child, Guy, Jr., is possibly disqualified, her parents are the next in line. Mrs. Guy's father predeceased her by several years, but her mother, Joyce Boudreaux Madere, survived her and claimed the death benefits from the Standard policies before she passed away on January 15, 2017. As a result, the death benefits would go to the surviving legatees listed in Mrs. Madere's will: her children Alvin Madere, Jr. and Paula Madere Kinler [Doc. 1, ¶ 30]. As to Guy, Sr.'s dependent benefits, the contractual order of preference would remain the same. Guy, Sr.'s surviving children, with the exclusion of Guy, Jr. if he is disqualified, would be entitled to receive the benefits in equal shares. Therefore, Crain and Dennison would split Guy, Jr.'s one-third share.[2]

Along with their Answers to the Complaint, Madere, Jr. and Kinler filed a crossclaim against Guy, Jr. seeking a declaratory judgment that they are entitled to receive the benefits of Mrs. Guy's insurance policies [Doc. 18, pg. 6, ¶ 8][3] and Crain and Dennison filed a crossclaim against Guy, Jr. seeking a declaratory judgment that they are entitled to Guy Jr.'s remaining one-third share of Guy, Sr.'s benefits [Doc. 29, ¶ 26]. Following the judgment of conviction against Guy, Jr. for the first-degree murder of his parents, Madere, Jr. and Kinler moved for partial summary judgment on their crossclaim regarding Mrs. Guy's benefits [Doc. 73] and Crain and Dennison moved for partial summary judgment on their crossclaim regarding Guy, Sr.'s benefits [Doc. 100].[4] Guy, Jr. also moved for summary judgment on each of the foregoing crossclaims [Doc. 99]. These matters are now ripe for resolution.

---

[2] Standard previously paid both Crain and Dennison their one-third shares of benefits under the dependent provisions of the group plans [Doc. 1, ¶ 32].

[3] Madere, Jr. and Kinler also included a crossclaim against Guy, Jr. for wrongful death in the event that he is not disqualified [Doc. 18, pg. 6, ¶ 8].

[4] Guy, Jr. has not filed a response in opposition to Crain and Dennison's motion and the time to do so has now passed. *See* LR 7.1(a).

## II. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "come forward with significant probative evidence showing that a genuine issue exists for trial." *McKinley v. Bowlen*, 8 F. App'x 488, 491 (6th Cir. 2001).

## III. ANALYSIS

Madere, Jr., Kinler, Crain, and Dennison assert that, as the slayer of his parents, Guy, Jr. is not entitled to receive the insurance benefits as the result of their deaths. Tennessee, like most states, has adopted a "Slayer Statute," which provides:

> An individual who feloniously and intentionally kills the decedent forfeits all benefits with respect to the decedent's estate, including an intestate share, an elective share, an omitted spouse's or child's share, a homestead allowance, exempt property, and a family allowance. If the decedent died intestate, the decedent's intestate estate passes as if the killer predeceased the decedent.
>
> The felonious and intentional killing of the decedent…[r]evokes any revocable…[d]isposition or appointment of property made by the decedent to the killer in a governing instrument[.]

Tenn. Code Ann. § 31-1-106(b), (c). The statute further provides that "[a] judgment of conviction establishing criminal accountability for the felonious and intentional killing of the decedent is conclusive evidence that the individual is the decedent's killer for purposes of this section." *Id.* at § 31-1-106(g). Guy, Jr. argues that Employee Retirement Income Security Act of 1974

4

("ERISA"), 29 U.S.C. § 1001, *et seq*., preempts Tennessee's Slayer Statute and that ERISA contains no provision which would have the effect of a slayer statute.

ERISA's preemption provision provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has held that "[a] state law relates to an ERISA plan if it has a connection with or reference to such a plan." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001) (citation omitted). In *Egelhoff*, the Supreme Court declined to address the issue of whether ERISA preempts state slayer statutes while noting "that the principle underlying the statutes—which have been adopted by nearly every State—is well established in the law and has a long historical pedigree predating ERISA…[a]nd because the statutes are more or less uniform nationwide, their interference with the aims of ERISA is at least debatable." *Id*. at 152.

The Sixth Circuit has yet to rule on the issue of whether ERISA preempts state slayer statutes. Likewise, district courts within the Sixth Circuit have consistently declined to address the issue, finding that federal common law is in accord with the state slayer statutes and leads to the same result. *See Prudential Ins. Co. of Am. v. McFadden*, No. 6:19-CV-051, 2020 WL 7083937, at *6 (E.D. Ky. Dec. 3, 2020); *Guardian Life Ins. Co. v. Rowe*, No. 1:17 CV 547, 2017 WL 4286687, at *3 (N.D. Ohio Sept. 27, 2017); *Cadle v. Shelton*, No. 2:11-CV-00787, 2013 WL 1282372, at *5 (S.D. Ohio Mar. 26, 2013); *Nale v. Ford Motor Co. UAW Ret. Plan*, 703 F. Supp. 2d 714, 722 (E.D. Mich. 2010). The same applies here. Under Tennessee's Slayer Statute, Guy, Jr. may not receive the benefits from the insurance policies if he feloniously and intentionally killed his parents, Mrs. Guy and Guy, Sr., and the judgment of conviction is conclusive evidence that he did. *See Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102, 116 (Tenn. 2016).

Assuming arguendo that ERISA preempts Tennessee's Slayer Statute, ERISA does not address the proper designation of beneficiaries where a beneficiary feloniously kills the insured. Due to this lack of statutory direction, courts are instructed to look to "federal common law which, if not clear, may draw guidance from analogous state law." *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir.), *on reh'g*, 922 F.2d 841 (6th Cir. 1990). Federal common law "prohibits a life insurance beneficiary who murders an insured from recovering under the policy." *Giles v. California*, 554 U.S. 353, 384 (2008) (Breyer, J., Stevens, J., and Kennedy, J., dissenting). It is well-established that one cannot "recover insurance money payable on the death of the party whose life he had feloniously taken." *Mut. Life Ins. Co. v. Armstrong*, 117 U.S. 591, 600 (1886) (holding that allowing this "would be a reproach to the jurisprudence of the country" and that one might as well "recover insurance money upon a building that he had willfully fired."). The Sixth Circuit has equally held that "public policy founded upon the equitable principle that no person should be permitted to profit from his own wrong intervenes to prevent such a beneficiary from taking the proceeds of the insurance." *Shoemaker v. Shoemaker*, 263 F.2d 931, 932 (6th Cir. 1959).[5]

Based on the foregoing, under either Tennessee law or federal common law, Guy, Jr. is disqualified from obtaining the insurance benefits of his parents' policies due to being convicted of murdering them. Therefore, based on the contractual order of preference for receipt of benefits in the Standard policies, Madere, Jr. and Kinler are entitled to equal shares of the death benefits from Mrs. Guy's policies, totaling $580,000 plus applicable interest [Doc. 1, ¶ 38]. Likewise,

---

[5] Guy, Jr. asserts that there is no federal common law and, if there is, ERISA displaces it. "'A federal court may create federal common law based on a federal statute's preemption of an area only where the federal statute does not expressly address the issue before the court.'" *Flacche v. Sun Life Assur. Co. of Canada*, 958 F.2d 730, 735 (6th Cir. 1992) (quoting *Nachwalter v. Christie*, 805 F.2d 956, 959 (11th Cir. 1986)). ERISA does not expressly address the issue of whether a beneficiary is entitled to the benefits of an insurance policy after being convicted of killing the insured. Therefore, this is an appropriate instance where federal common law applies.

Crain and Dennison are entitled to equal shares of the remaining one-third of Guy, Sr.'s dependent benefits, totaling $116,666.68 plus applicable interest [Doc. 1, ¶ 45].

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Motions for Partial Summary Judgment filed by Madere, Jr. and Kinler [Doc. 73] and Crain and Dennison [Doc. 100] are **GRANTED**. Guy, Jr.'s pro se Motion for Summary Judgment [Doc. 99] is **DENIED**. The pending motions [Docs. 113, 115, 116, and 118] are **DENIED AS MOOT**.[6] A separate judgment shall enter.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge

---

[6] On April 29, 2021, Guy, Jr. filed a motion [Doc. 116] requesting an opportunity to file a reply to any response to his dispositive motions [Docs. 99, 118]. The issues presented in Guy, Jr.'s pro se Motion for Summary Judgment [Doc. 99] are fully briefed, as all pending motions for summary judgment address the same issues, and the Court does not find a reply brief necessary. *See* LR 7.1(c) ("[u]nless otherwise stated by the Court, reply briefs are not necessary and are not required by the Court."). Furthermore, Guy, Jr.'s motion to dismiss Madere, Jr. and Kinler's alternative wrongful death claim [Doc. 118] is rendered moot by the findings contained herein.