UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| STANDARD INSURANCE COMPANY, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:18-CV-74 |
| vs. | ) | |
| JOEL MICHAEL GUY, JR. et al., | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Proceed In Forma Pauperis. [Doc. 135]. This matter is before the Court pursuant to 28 U.S.C. §636 and standing orders of the District Court. For reasons outlined below, this Court recommends the Motion be **DENIED**.

**I.    BACKGROUND AND ANALYSIS**

The question before the Court is whether Defendant Guy should be permitted to proceed with an appeal in forma pauperis. "The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004); see also *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). All applications to proceed in forma pauperis must follow the procedures set out in Federal Rule of Appellate Procedure 24(a)(1), which states that a party who desires to appeal in forma pauperis must file a motion in the district court, and attach an affidavit that:

(A)    shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

      (B)     claims an entitlement to redress; and

      (C)     states the issues that the party intends to present on appeal.

Fed. R. App. P. 24 (a)(1).

    Defendant Guy has submitted an IFP Application [Doc. 135]. Defendant Guy was initially delayed in providing the application because he had difficulty obtaining the required accounting of his inmate trust fund from state authorities. The Court has now received and reviewed the required application. Defendant Guy submits a short statement regarding his indigency and provides an inmate trust fund accounting statement. Defendant Guy also sets forth the issues he intends to present on appeal. After reviewing the documentation submitted by Defendant, the Court finds Defendant lacks the financial resources to pay the costs associated with an appeal, but that fact alone does not determine whether Defendant should be permitted to proceed in forma pauperis.

    The Court must also consider Defendant's claims on appeal pursuant to Rule 24(a)(1)(B) and (C). Pursuant to these subsections (B) and (C), Defendant's Affidavit must not only indicate that he lacks the financial ability to pay the costs of an appeal but additionally should indicate he is entitled to redress and set forth the issues he intends to present on appeal. *See also* 28 U.S.C. § 1915(a) (1); *Scott v. Patrick,* No. 1:06-cv-568, 2007 WL 426519, at *1 (W.D. Mich. Feb. 2, 2007) ("Section 1915(a)(1) requires an affidavit by [the appealing party] identifying the 'nature' of his appeal, including some specificity identifying the basis of the appeal, supporting his belief that he is a person 'entitled to redress.'"). Here, Defendant sets out four issues for appeal. Defendant Guy asserts that the District Court erred by (1) failing to consider whether the Employee Retirement Income Security Act (ERISA) preempts the state law slayer statute applied in this case; (2) failing to consider whether there is a federal common law slayer's rule and if so if it is valid; (3) denying him appointed counsel; and (4) refusing to order the prison where he is housed to permit him access to the prison law library.

While the Court finds that Defendant has adequately set forth his issues for appeal, the Court must now determine whether the issues raised in Defendant's affidavit were presented in good faith as required by Rule 24(a)(3). The Court notes that in reviewing the issues Defendant seeks to raise, it appears that his claims are unlikely to succeed on appeal; however, a poor chance of success is not enough to deprive a party of the right to proceed in forma pauperis on appeal under Rule 24. Rather, the Court must determine whether the proposed issues are raised in good faith. *Asamoah v. Sygma Network, Inc.*, No. 21-3286, 2021 U.S. App. LEXIS 29445 (6th Cir. Sep. 29, 2021) (holding that "[a]n appeal is not taken in good faith if is frivolous, i.e., it lacks an arguable basis in law or fact[,]" and citing *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962)).

In addressing the good faith issue, the Court first turns to Defendant's contention that the District Court failed both to consider whether ERISA preempts the state slayer statute and whether there is a valid federal common law slayer's rule. As to these issues, the Court first observes that they were addressed by the District Court. [Doc. 120]. In doing so, the District Court noted that even if ERISA would preempt the state law slayer's statute, ERISA does not address the matter at hand. For that reason, the District Court turned to federal common law as an additional and independent ground for denying Defendant Guy benefits under the insurance policy. *Id*. As the District Court points out, other courts have found an independent basis for denying insurance benefits to slayers under the federal common law. *See Giles v. California,* 554 U.S. 353, 384, 128 S. Ct. 2678, 171 L. Ed. 2d 488 (2008) (Breyer, J., Stevens, J., and Kennedy, J., dissenting); *Shoemaker v. Shoemaker*, 263 F.2d 931, 932 (6th Cir. 1959); *see e.g. Nale v. Ford Motor Co. UAW Ret. Plan*, 703 F. Supp. 2d 714 (E.D. Mich. 2010) (When ERISA preemption is raised in the

context of slayer statutes, courts apply federal common law "which encompasses the equitable principle that a person should not benefit from his wrongs. . . ."). For these reasons, Defendant Guy's appeal would be frivolous because these issues lack an arguable basis in fact and law.

Next, Defendant Guy alleges the Court erred in failing to appoint counsel. The Sixth Circuit has considered this issue on appeal. *See Craig-Wood v. Time Warner NY Cable LLC*, 549 F. App'x 505, 507 (6th Cir. 2014) (citing *Ambrose v. Welch*, 729 F.2d 1084, 1084 (6th Cir. 1984)). Defendant Guy asks the appellate court to do the same in his case. Specifically, Defendant asks the Sixth Circuit to reconsider the undersigned's ruling on the appointment of counsel. [Doc. 94]. The appeal of a Magistrate Judge's ruling must be made with the District Court or a later appeal will be considered waived. *McGhee v. Country Fresh, LLC*, No. 09-13695, 2011 U.S. Dist. LEXIS 29422, at *8 (E.D. Mich. Mar. 22, 2011). Here, Defendant failed to raise the issue of the denial of the appointment of counsel with the District Court after his motion was ruled on by a Magistrate Judge; therefore, Defendant Guy pursuing this issue on appeal would be futile.

Finally, Defendant Guy asserts he was denied access to prison legal resources in defending himself. The Court is conscious of the interest prisoners have in accessing legal materials. Defendant raised this issue, and it was addressed by the District Court. [Doc. 86]. "[A] prisoner seeking relief for nonfrivolous claims in the courts can bring an action where the restricted access is such that the prisoner can demonstrate an actual injury." *Colvin v. Schaublin*, 31 F. App'x 170, 172 (6th Cir. 2002). The District Court explained that the issue raised by Defendant could not be considered given the posture of the case, i.e., because Defendant Guy's place of incarceration was not a party to the instant action as is contemplated in *Colvin*. [Doc. 86 (citing *In re N.A.A.C.P., Special Contribution Fund,* 849 F.2d 1473 (6th Cir. 1988))]. For the same reason, an appeal on the issue of access to the prison law library would be futile in these circumstances.

## II. CONCLUSION

For reasons set forth above, the Court recommends Defendant Guy's Motion [Doc. 135] be **DENIED**.[1]

SO ORDERED:

s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within **14 days** after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).